Good morning, ladies and gentlemen. Our first case for argument is United States v. Ali Al-Awadi. Ms. Ruhl. May it please the Court. The convictions in this case are not supported by sufficient evidence. Can you just keep your voice up? My apologies. Okay, no problem. The convictions in this case are not supported by sufficient evidence and should be reversed. What remains on appeal for the Court's consideration are three counts of production and one count of attempt production of child pornography. In this case, the government did not prove its case. The four photos that were submitted into evidence in support of production are not child pornography. They are not obviously child. They are not obviously nudity. They do not display genitalia. They do not show a lascivious display or an exhibition. With regard to the attempt charges, the element of intent was key. The government had a theory. Their theory was that the child molestation evidence that was admitted was for the purpose of proving both that the child was used for the production of child pornography and that it showed 414 evidence with regard to intent. The problem is the Court did not properly instruct on the issue of intent. And what we were left with at the end of the day was a case where about a day and a half of evidence was presented on the child molestation and the jury was given a preponderance of the evidence instruction on how to weigh that. The government's theory was that the child molestation was used to prove that the child was used in the production of the photo. The government's theory was never proven. The government put on an expert that said that in some cases, child molesters take pictures of what they have done. But the government never proved that in this case. So are you disputing that the photos are in fact of the victim's genitalia? No. And your client admitted he pulled her clothing away from her body to focus on her genitals in the photo. That is correct. But what he did not admit to and what the government never proved is that he did so with the requisite intent. On the convictions of attempt, intent is paramount. It is the element that distinguishes between legal and illegal conduct. Intent trumps impossibility. Well, your client put his intent in issue, right, saying that he had only taken the photos to check for an injury. And so the evidence of molestation becomes admissible. That is correct. So why should the government have been limited in the proof that they presented? The various witnesses who testified gave the complete story and the surrounding circumstances. With regard to the breadth of evidence that was presented on the issue of molestation, the court did not conduct the proper balancing test. The government presented ten witnesses a day and a half of testimony, two daycare workers, both parents, multiple health care folks, chain of custody, the detective, both the videotape, and on the very last day of testimony, the child testified. The child could not even identify the defendant in open court. Trial counsel raised in pretrial motions that the breadth of the government's case was not necessary. That is in line with the reasoning on the balancing. The court did not opine on whether or not the breadth of the government's case on the molestation was necessary. And it's not even clear from the pretrial order that the court even examined the photos. Well, when we go back to the testimony, it really breaks down the two categories of testimony, the individuals to whom the crime was initially reported and then those who were directly involved in the investigation, right? That is correct. However, in putting those witnesses on, they were asked and statements were elicited that supposedly repeated exactly what the child said to them. That was not necessary. Now, the instruction that the court gave was contradictory in the sense that the court had ruled pretrial that the child molestation was direct evidence that the child was used. In that way, the court ruled that the evidence was relevant to an element of the offense. Having ruled in that way, it was improper for the jury to be instructed on that evidence by a preponderance of the evidence. The court also ruled that it was 414, but those two rulings are contradictory as they relate to the burden of proof. The burden of proof is paramount because it is a violation of due process not to convict by proof beyond a reasonable doubt. But what we don't know is whether or not the jury applied the burden of proof beyond a reasonable doubt to the bulk of the state's case given the court's pretrial rulings. Well, the instruction was clear in terms of the evidence that they had to decide whether it was more likely than not that the defendant did the crimes and acts and wrongs that were not charged. And then said, if you decide that he did, you may consider the evidence to help you decide whether he had intent to produce or attempt to produce child pornography, and then there are instructions that talk about the burden of proof beyond a reasonable doubt. So the court is clarifying how this particular evidence should be considered, right? I think the court's instructions were contradictory at best. This is basically a 404B instruction. It talked about crimes. The 404B analysis, the court also ruled that other evidence was admissible under 404B, but it wasn't a crime. The only crime that the government presented in terms of evidence was the child molestation. So that particular instruction instructed the jury to weigh the evidence of that crime by a preponderance. We don't know if the jury went beyond that to weigh the bulk of the state's case by the next level, which would have been proof beyond a reasonable doubt. We just simply don't know. And given the fact that the pictures in and of themselves are not obviously a lascivious display, this is not a close case. Very likely that had the jury not been improperly instructed, the court might have weighed that evidence differently. We're not even sure in the pretrial order that the judge looked at the photos. Unless the court has any further questions, I'd like to reserve the rest of my time for rebuttal. Certainly, counsel. Thank you. Mr. Reeds. May it please the court. Brian Redge for the government. I would just like to point out, starting with the instruction, there is no objection to this. So that's waived. If not, it's at least forfeited. And it certainly cannot be plain error to give this court's patterned instruction. It certainly was not unclear under the law at the time that this instruction was wrong. Judge Williams, as you pointed out, there are multiple instructions beyond the reasonable doubt standard as it goes to the elements. On the sufficiency, I think we heard today that there was no dispute that the pictures were the child victim's genitalia. The intent was proven, as this court has explained, because of the prior molestation or almost the simultaneous molestation. And with that said, if this court has no further questions, the government would happily rest on its briefing. Well, let me ask you this. Could a blurry photo where a viewer can't tell what the photograph is of support a conviction under 2251? I think in that situation, perhaps not, but it certainly could under the attempt count, in which that's really what the jury did here. The jury took a look at the four pictures, the three pictures that were clear. They convicted on the completed offense, the one that was blurry and a little unclear as to what it was. They convicted on the attempt. So even if that wouldn't be the completed crime, it would be an attempt crime, which is what the jury did here, which I think is, again, it's worth noting on Mr. Al-Awadi's sufficiency claim that if there is a problem with the completed crime, the jury convicted on all four of the attempts. So either way on that, it would be sufficient, and this court should affirm. Thank you. Thank you, counsel. Anything further? I would just simply like to point out that Al-Awadi did testify, and although this panel has pointed out that he admitted that he took a picture of the child, he admitted that he pulled her underwear away, he admitted that he tried to take a picture of her genitalia, he did not admit to having the requisite intent. The jury was free to disregard his testimony, but that creates, nonetheless, a vacuum and void in the government's affirmative case. Unless we're ready to believe that the detective could come in and say that sometimes those who commit child molestations take photos to memorialize what they have done, unless we believe that that testimony was sufficient, in which case it would have invaded the province of the jury because the detective can't speak to the mindset of the defendant. But then there is no evidence that the government proved the requisite intent with regard to the attempt charges. And intent is everything. The jury was not instructed, I will also point out, on specific intent. I know the Seventh Circuit pattern instructions discourage an instruction on specific intent in relation to intentionally, but the jury wasn't instructed on either one. The jury was also not instructed separately on what an attempt is, which would have helped to highlight specific intent. And because the issue of intent is so important to the attempts, and the government's failure to actually prove what the defendant's intent was, we believe the attempt charges as well should be reversed in vague 88. Thank you, counsel. The case is taken under advisement.